UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

------------------------------------------------------------ X

IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

3:09-md-02100-DRH-PMF

MDL No. 2100

------------------------------------------------------------

*Michelle Zambon v. Bayer Corporation, et al.*
*No. 3:14-cv-10214-DRH-PMF*

**Judge David R. Herndon**

**ORDER**

## ORDER[1]

**HERNDON, District Judge:**

This matter is before the Court on *pro se* plaintiff Michelle Zambon's motion for extension of time to find new counsel. Based on the record and the following, the motion is GRANTED.

As noted in Bayer's response (Doc. 24), the plaintiff's case has been marked by extensive delays:

- Plaintiff's original deadline to meet her obligations under CMO 79 was December 1, 2015.

- After that deadline passed, without compliance, Bayer moved to dismiss the case (Doc. 6).

---

[1] This revised order is docketed for the purpose of correcting an error in the caption of the original order filed at Doc. 25.

- Plaintiff's counsel responded with a request for a 60-day extension of time to comply (Doc. 7).

- Plaintiff's original counsel withdrew and plaintiff's new counsel requested and received a further extension (to May 6, 2016) to comply with CMO 79 (Doc. 10, 15).

- After submitting an expert report, plaintiff's new lawyers withdrew from the case (Doc. 16, 17, 18).

- The order granting leave to withdraw allowed the plaintiff until August 19, 2016 to find new counsel or proceed *pro se.* The Court also indicated that it would refrain from ruling on the pending motion to dismiss until on or after August 19, 2016 (Doc. 18).

- On August 18, 2016, the Court extended the plaintiff's deadline for finding new counsel or proceeding *pro se* (Doc. 19).

The subject motion asks the Court to allow the plaintiff an additional 90 days to locate new counsel noting difficulty locating new counsel and health issues (Doc. 22). In the alternative, plaintiff seeks leave to proceed *pro se* (Doc. 23). Bayer has responded (Doc. 24). Bayer sympathizes with the plaintiff's health issues. Bayer states it would not be productive for any party if the plaintiff is forced to proceed *pro se* while she manages hospitalizations and continues to seek new counsel. However, Bayer argues, the case cannot continue on its current trajectory indefinitely. The Court agrees. Accordingly, the Court ORDERS as follows:

**The Court grants the plaintiff a final extension of time to find new counsel. Plaintiff's new counsel must file a supplementary entry of appearance on or before Monday November 14, 2016. If plaintiff fails to obtain new counsel as of Monday November 14, 2016, she will be required to proceed *pro se* and must be prepared to prosecute her case on the merits**.

**FURTHER**, Bayer's motion to dismiss for failure to file an appearance (Doc. 21) is **DENIED** as **MOOT**. Bayer's motion to dismiss in accord with CMO 79 (Doc. 6) is **TERMINATED** in accord with Bayer's notice of withdrawal of the same (Doc. 20).

**IT IS SO ORDERED.**

Signed this 29th day of September, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.09.29 13:50:24 -05'00'

**United States District Judge**